[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action asserts a claim for monetary damages based upon a theory of vexatious litigation. Counts One and Two of the complaint assert claims based upon General Statutes52-568a which provides:
 "(a)ny person who commences and prosecutes any civil action or complaint against another, in his own name, or in the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."
The Third count of the complaint asserts a common law claim for vexatious litigation.
The litigation arises out of a contract in which the st plaintiff Sibilio agreed to finish construction of a residential building on land owned by the present plaintiff Ziegler and Sibilio and Ziegler agreed to sell the land and building to the present defendant, Sciarabba.
Sibilio then sued Sciarabba seeking to recover a balance due under the contract. Sciarabba then filed a counterclaim against Sibilio and a third party action against Ziegler. A CT Page 8612 judgment of monetary damages was eventually entered in favor of Sciarabba against both Sibilio and Ziegler based upon claims of breach of contract.
The present plaintiffs, Sibilio and Ziegler have now asserted vexatious litigation claims against the defendant Sciarabba, the firm of attorneys representing her, the defendant D'Andrea and Cacace, and the defendant, Attorney Mark P. Santagata, who is claimed to have signed many of the pleadings on behalf of the defendant Sciarabba.
The defendants, D'Andrea and Cacace and Mark P. Santagata, have filed a motion for summary judgment asserting that prior litigation terminated in favor of the defendant Sciarabba and therefore, the plaintiffs are unable to demonstrate that the prior litigation terminated in their favor and, accordingly, cannot assert a claim based upon vexatious litigation. The plaintiff asserts that numerous counts of the counterclaim and/or third party complaint, (e.g., unjust enrichment, CUPTA, emotional distress, misrepresentation and lack of good faith and fair dealing) were found in their favor by the attorney trial referee and, therefore, provides a basis for the assertion of the present vexatious litigation claims.
A claim for vexatious litigation requires a plaintiff to allege and prove that the previous lawsuit. . .terminated in the plaintiff's favor. Blake v. Levy, 191 Conn. 257, 263 (1983) and cases therein cited. The requirement exists regardless of whether the claim derives from a common law theory or from the statutory right of action. Paint Products Co. v. Minwax Co., Inc., 448 F. Sup. 656, 658 (Conn. 1978).
The plaintiff urges that the long standing requirements of demonstrating the favorable termination of the prior litigation is inapplicable to the present litigation because of the amendment to General Statutes 52-568, effective in 1982, wherein the phrase "civil action" was substituted for the word "suit".
The amendment was effected by Section 234 of 1982 Public Act 160 which enacted technical amendments to Title 52 of the General Statutes. The legislative history of the ACT reveals (p. 348), that the Judiciary Committee of the Legislature was advised by David Biklen, Executive Director of the Connecticut Law Revision Committee that the amendments "cover nothing of substance. The amendment to General Statutes 52-568 effected in 1982 does not, by its language, or by its intent, effect a change of the pleading or proof requirements with respect to a claim for vexatious litigation. CT Page 8613
Any remedy for the claims asserted by the plaintiffs, is therefore, limited to the provisions of General Statutes 52-99
and Practice Book 111.
Accordingly, the motion for summary judgment is granted.
RUSH, J.